IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-01691-RBJ-KLM

SAMUEL ROBINSON,

    Plaintiff,

v.

DARREN ADAME, individually and his official capacity, and
SERGEANT CHRISTOPHER BONGIRNO, individually and in his official capacity,

    Defendants.

---

ORDER ON MOTION FOR SUMMARY JUDGMENT

---

This order addresses defendants' motion for summary judgment, the magistrate judge's recommendation that the motion be granted, and plaintiff's objection to that recommendation. Because the objection was timely filed, the Court has conducted a de novo review. I agree with the magistrate judge that the plaintiff did not exhaust his administrative remedies, and therefore, the motion for summary judgment is granted.

**FACTS**

Samuel Robinson is an inmate in the Colorado Department of Corrections. On July 7, 2016, preparing to transfer Mr. Robinson to a hearing on an alleged Code of Penal Discipline violation, the two defendant officers ordered him to back out of his cell. Mr. Robinson informed the officers that he suffered from vertigo which made walking backwards difficult. He tried to comply, but he stumbled and collapsed as he backed out. The officers then placed him in a choke hold and tased him. Mr. Robinson alleges that he sustained a neck injury.

1

On July 21, 2016 Mr. Robinson filed a Step 1 grievance, thereby commencing the CDOC's three-step grievance procedure. ECF No. 46-1at 1.[1] After reciting the facts, Mr. Robinson requested that his complaint be reviewed by an investigator with the Inspector General's Office. *Id.* The department responded on August 2, 2016. *Id.* The response indicated based on a "Use of Force After Action Review," including consideration of staff reports, video evidence, and a medical anatomical exam, it had determined that the claims were unsubstantiated. *Id.*

On August 5, 2016 Mr. Robinson filed a timely Step 2 grievance. After reciting the alleged facts, he again requested a review by the Inspector General's Office, and he also requested "a complaint form of Department of Corrections Employees & Volunteers." ECF No. 46-1 at 2. The department responded on August 9, 2016. *Id.* The grievance was again denied based on the department's excessive force review. The response added, "In accordance with Administrative Regulation 300-16, Use of Force Options, a supervisor will conduct a DOC Employee Conduct/Worker Complaint which will be forwarded to the Office of the Inspector General upon it's [sic] completion." *Id.* Mr. Robinson acknowledge receipt of the response on August 11, 2016. *Id.*

The deadline established by AR 850-04 for filing a Step 3 grievance was August 16, 2016. However, he filed a Step 3 Grievance on October 18, 2016. After again reciting the claimed facts, he asked that the incident report be expunged from his records and that "an undisclosed amount of funds be rewarded to me for my pain and suffering." *Id.* at 3. Anthony

---

[1] The CDOC's grievance procedure is set forth in Administrative Regulation (AR) 850-04. A Step 1 Grievance must be filed within 30 calendar days after the inmate knew or should have known of the facts supporting it. If the inmate is not satisfied with department's response, he must file a Step 2 grievance within five calendar days after receiving the response. If he is not satisfied, he must file a Step 3 grievance within five calendar days after receiving the response to the Step 2 grievance. *See* ECF No. 36-1 at 2 (Affidavit of Tony DeCesaro).

A. DeCesaro, Grievance Officer, responded by letter dated November 3, 2016. His grievance was denied because (1) it was untimely, and (2) damages for pain and suffering are expressly excluded from remedies available to offenders under AR 850-14. *Id.* at 4.

Mr. Robinson, represented by counsel, filed this lawsuit on July 5, 2018. He asserted that defendants used excessive force in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments and sought damages for permanent disabilities, physical and mental pain and suffering, and loss of future earning capacity. Complaint, ECF No. 1. On April 23, 2019 defendants moved for summary judgment on the issue for exhaustion of administrative remedies. ECF No. 36. I referred the motion to United States Magistrate Judge Kristin L. Mix for a report and recommendation. ECF No. 40.

Following full briefing Magistrate Judge Mix issued a written recommendation on June 19, 2019. ECF No. 45. She noted that exhaustion of administrative remedies is a mandatory prerequisite to litigation. Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *See Jones v. Bock,* 549 U.S. 199, 211 (2007). ECF No. 45 at 5-6. An untimely grievance does not exhaust administrative remedies. *Woodford v. Ngo,* 548 U.S. 81, 91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules…."). The CDOC's exhaustion procedure is set forth in AR 850-04. *Id.* at 7-8. Mr. Robinson admittedly filed an untimely Step 3 grievance under AR 850-04. *Id.* at 9. His argument is that the exhaustion requirement does not apply because the relief he sought at Step 3 was unavailable, citing *Ross v. Blake,* 136 S. Ct 185, 1862 (2016) (the "only limit to [the PLRA's exhaustion] mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'"). However, Magistrate Judge Mix determined that the exception was inapplicable here. *Id.* at 12-14. Accordingly, she recommended that the motion for summary

A. DeCesaro, Grievance Officer, responded by letter dated November 3, 2016. His grievance was denied because (1) it was untimely, and (2) damages for pain and suffering are expressly excluded from remedies available to offenders under AR 850-14. *Id.* at 4.

Mr. Robinson, represented by counsel, filed this lawsuit on July 5, 2018. He asserted that defendants used excessive force in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments and sought damages for permanent disabilities, physical and mental pain and suffering, and loss of future earning capacity. Complaint, ECF No. 1. On April 23, 2019 defendants moved for summary judgment on the issue for exhaustion of administrative remedies. ECF No. 36. I referred the motion to United States Magistrate Judge Kristin L. Mix for a report and recommendation. ECF No. 40.

Following full briefing Magistrate Judge Mix issued a written recommendation on June 19, 2019. ECF No. 45. She noted that exhaustion of administrative remedies is a mandatory prerequisite to litigation. Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *See Jones v. Bock,* 549 U.S. 199, 211 (2007). ECF No. 45 at 5-6. An untimely grievance does not exhaust administrative remedies. *Woodford v. Ngo,* 548 U.S. 81, 91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules…."). The CDOC's exhaustion procedure is set forth in AR 850-04. *Id.* at 7-8. Mr. Robinson admittedly filed an untimely Step 3 grievance under AR 850-04. *Id.* at 9. His argument is that the exhaustion requirement does not apply because the relief he sought at Step 3 was unavailable, citing *Ross v. Blake,* 136 S. Ct 185, 1862 (2016) (the "only limit to [the PLRA's exhaustion] mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'"). However, Magistrate Judge Mix determined that the exception was inapplicable here. *Id.* at 12-14. Accordingly, she recommended that the motion for summary

A. DeCesaro, Grievance Officer, responded by letter dated November 3, 2016. His grievance was denied because (1) it was untimely, and (2) damages for pain and suffering are expressly excluded from remedies available to offenders under AR 850-14. *Id.* at 4.

Mr. Robinson, represented by counsel, filed this lawsuit on July 5, 2018. He asserted that defendants used excessive force in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments and sought damages for permanent disabilities, physical and mental pain and suffering, and loss of future earning capacity. Complaint, ECF No. 1. On April 23, 2019 defendants moved for summary judgment on the issue for exhaustion of administrative remedies. ECF No. 36. I referred the motion to United States Magistrate Judge Kristin L. Mix for a report and recommendation. ECF No. 40.

Following full briefing Magistrate Judge Mix issued a written recommendation on June 19, 2019. ECF No. 45. She noted that exhaustion of administrative remedies is a mandatory prerequisite to litigation. Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *See Jones v. Bock,* 549 U.S. 199, 211 (2007). ECF No. 45 at 5-6. An untimely grievance does not exhaust administrative remedies. *Woodford v. Ngo,* 548 U.S. 81, 91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules…."). The CDOC's exhaustion procedure is set forth in AR 850-04. *Id.* at 7-8. Mr. Robinson admittedly filed an untimely Step 3 grievance under AR 850-04. *Id.* at 9. His argument is that the exhaustion requirement does not apply because the relief he sought at Step 3 was unavailable, citing *Ross v. Blake,* 136 S. Ct 185, 1862 (2016) (the "only limit to [the PLRA's exhaustion] mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'"). However, Magistrate Judge Mix determined that the exception was inapplicable here. *Id.* at 12-14. Accordingly, she recommended that the motion for summary

judgment be granted and the claims be dismissed without prejudice for failure to exhaust administrative remedies. *Id.* at 14.[2]

Mr. Robinson filed a timely objection, again arguing that he was not required to exhaust if the remedy, damages, was unavailable. ECF No. 46. Defendants filed a response to the objection. ECF No. 47.

## ANALYSIS AND CONCLUSIONS

In Steps 1 and 2 of the grievance process plaintiff claimed that he was the victim of excessive force when he was removed from his cell on July 7, 2016. He sought an independent review of his grievance by the Office of the Inspector General. Implicitly he requested that his complaint be upheld, and that available remedies be provided. The CDOC reviewed staff reports, video and medical records. Based on that investigation it denied the grievance. At Step 2 the CDOC again denied the grievance but also referred his complaint to the Office of the Inspector General. I infer that the grievance was unsuccessful there as well.

It is undisputed that plaintiff's Step 3 grievance was untimely. Also, he requested new remedies, not mentioned at Steps 1 and 2. In his words,

> I request that the incident report be expunged, the negative reports related to this incident be immediately removed from my records *and an undisclosed amount of funds be rewarded to me for my pain and suffering.* I request that all of the restitution and medical fees from this incident be reinstated to my funds. The officers [sic] actions were unjustified because I was handcuffed and they were illegal due to Colorado Law. I also request C.O. Adame be banned from any facility that I am [unintelligible].

ECF No. 46-1 at 3 emphasis added).

The question is whether plaintiff's addition of an unavailable remedy at Step 3, i.e., money damages for pain and suffering, eliminates the exhaustion requirement. Magistrate Judge

---

[2] The recommendation added that if the plaintiff does not object, or if he objects but the district court accepts the recommendation, then the dismissal should be with prejudice. *Id.* at 14, n.8.

4

Mix noted that in *Ross* the Court found that an administrative procedure is unavailable in three circumstances: "(1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates[;]" (2) it is "so opaque that it becomes, practically speaking, incapable of use[;]" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." ECF No. 45 at 12 (quoting *Ross,* 136 S. Ct. at 1859-60. The second and third categories have no application to the present facts. Judge Mix found that the first category likewise did not apply because relief was provided for plaintiff's complaint: the CDOC's Use of Force After Action Review and the referral to the Office of the Inspector General for an independent review. *Id.* at 13-14. Plaintiff does not attempt to show that there were no additional remedies available to him within the CDOC (other than money damages) if his grievance had been sustained.

In any event, the Supreme Court has held that even an inmate who seeks only the unavailable remedy of money damages must exhaust such administrative remedies as are available. *Booth v. Churner,* 532 U.S. 731, 734, 738-41 (2001). Otherwise, an inmate could avoid the PLRA's strict exhaustion requirement by seeking a money damages remedy or, as in the present case, resuscitate a failed attempt to exhaust by adding an unavailable request for a damages remedy after the fact. One must remember that the exhaustion requirement does not preclude a damages remedy. It is simply a prerequisite. Had Mr. Robinson properly exhausted his administrative remedies, then a potential award of money damages would have become available to him in court.

## ORDER

Based on a de novo review, I agree with Magistrate Judge Mix's conclusions. Accordingly,

1. The recommendation of the magistrate judge, ECF No. 45, is ACCEPTED AND ADOPTED.

2. Defendants' motion for summary judgment, ECF No. 36, is GRANTED.

3. This civil action and all claims therein are DISMISSED WITH PREJUDICE.

4. As the prevailing parties, defendants are awarded their reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54. 1.

DATED this 6th day of August, 2019.

BY THE COURT:

R. Brooke Jackson
United States District Judge